review does not mean that the ordinance was not enacted in accordance with a comprehensive plan. There is no substance to the contention of respondents that they were entitled to notice of meetings at which the trustees conducted their deliberations and discussed with an owner of the parcel and his representatives the suggestions of the village engineer as to manner of construction of a warehouse thereon. As observed during the course of the trial upon exclusion of plans, the issue concerned a business district pursuant to which the parcel could be devoted to a number of conforming uses. Appropriate notice had been given of all hearings had with respect to the merits of such a change of zone. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

## (July 14, 1959)

■ ROSE CALABRESE, Appellant, v. VINCENT CALABRESE, Respondent.— Motion for an order of commitment under the provisions of the order of this court entered March 30, 1959 denied, without costs. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ PHILIP GALLO, Respondent, v. S. BRAHAMS, Appellant.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

■ ABRAHAM LEVINE, Respondent, v. HARRY MERMELSTEIN et al., Appellants.— Motion for leave to appeal to the Court of Appeals and for other relief denied. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ KATHERINE T. MURRAY, Respondent, v. AGNES M. DUNNE, Individually and as Administratrix of the Estate of JOHN A. SHEA, Deceased, et al., Appellants.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ CHARLES AMSTERDAM, Appellant, v. COMPANIA NAVIERA "ESTRELLA DE PLATA", S. A. PANAMA, R. P., et al., Respondents.— In an action to recover damages for personal injuries sustained by a passenger on a ship, the appeals are (1) from a judgment dismissing the complaint at the close of appellant's evidence as to respondent Arnold Bernstein Shipping Company, Inc., and at the close of the whole evidence as to respondent Compania Naviera "Estrella de Plata", S. A. Panama, R. P., (2) from an order entered July 18, 1958 denying appellant's motion to resettle the judgment so as to state that the dismissals were without prejudice, and (3) from an order entered September 2, 1958 denying appellant's motion for a new trial and to vacate the dismissals on the ground of various claimed errors of the trial court. Judgment insofar as it is in favor of respondent Compania Naviera against appellant reversed, action severed, and a new trial granted as between appellant and said respondent, with costs to abide the event. Judgment insofar as it is in favor of respondent Bernstein against appellant affirmed, without costs. Appeal from order of July 18, 1958 dismissed, without costs. Order of September 2, 1958 affirmed as to respondent Bernstein, without costs, and appeal from said order insofar as respondent Compania Naviera is concerned dismissed, without costs, as academic. The ship, which was of Panamanian registry and flag, was owned by respondent Compania Naviera and was on a cruise from Miami, Florida. The accident occurred on the high seas south of Florida, and appellant is a citizen of the United States. The contract of passage, which was entered into in Miami, contained provisions relating to claims for bodily injury to passengers and the following further provision: